**Paul H. SCHNEIDER, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

No. 02–3202.

United States Court of Appeals, Federal Circuit.

Oct. 15, 2002.

---

ny or APWU officials pursuing the grievance at the Step–3 level.

Before CLEVENGER, SCHALL, and LINN, Circuit Judges.

PER CURIAM.

Paul H. Schneider seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming his indefinite suspension from his position as a Teleservice Representative, GS–8, by his employer, the Social Security Administration. *Schneider v. Social Security Admin.*, 91 M.S.P.R. 668, No. SE0752010222–I–1 (March 4, 2002). We *affirm.*

I

By notice dated April 2, 2001, the Social Security Administration ("agency") suspended Mr. Schneider as a result of his indictment on charges of theft of money and Social Security fraud, in violation of 18 U.S.C. § 641 and 42 U.S.C. § 408(a)(4). The suspension was indefinite, pending resolution of the criminal charges and the agency's decision of what, if any, action to take against Mr. Schneider.

Thinking that he could not be suspended without a guilty verdict against him in the criminal proceedings, Mr. Schneider appealed his indefinite suspension to the Board. In a July 2, 2001, telephonic conference before the close of the record, the Chief Administrative Judge informed Mr. Schneider of the law to be applied to his appeal. Under settled law, an agency may indefinitely suspend an employee if the agency has reason to believe that the employee has committed a crime for which a term of imprisonment may be imposed. The standard for the imposition of an indefinite suspension is not whether the criminal charges are sustained, but rather whether the agency has reasonable cause to believe that an employee has committed a crime for which imprisonment may be imposed. This standard is met when an employee is indicted by a grand jury. *See Dunnington v. Dep't of Justice*, 956 F.2d 1151, 1157 (Fed.Cir.1992).

In addition, the Chief Administrative Judge also notified Mr. Schneider that the law prohibits disparate treatment of similarly situated employees. Although Mr. Schneider had not alleged disparate treatment, he was advised of the facts necessary to make out such a claim, should he wish to do so before the close of the record on July 20, 2001.

II

■ In a thorough Initial Decision dated August 8, 2001, the Chief Administrative Judge reiterated the law to be applied to the facts of Mr. Schneider's appeal. Because Mr. Schneider admittedly had been indicted for criminal offenses for which imprisonment could be imposed before he was indefinitely suspended by the agency, the Chief Administrative Judge

ruled that the agency's indefinite suspension was lawful, noting that Mr. Schneider's objections to being suspended before conviction and his view that the "reasonable cause to believe" standard is wrong have been rejected by precedent of this court.

Upon review of the record, the Chief Administrative Judge held that the agency properly suspended Mr. Schneider and that his suspension promoted the efficiency of the service. Mr. Schneider's appeal to the full Board was rejected on March 4, 2002, which established the decision of the Chief Administrative Judge as the final decision of the Board on the merits of the case. Mr. Schneider then sought review in this court.

### III

We may only disturb a final decision of the Board if we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Further, when substantial evidence supports fact-findings by the Board, we must accept those found facts as true. 5 U.S.C. § 7703(c) (2000).

In this case, the Board applied the correct law to the facts of the case. Indefinite suspension of an employee is lawful when an agency has reasonable cause to believe that the employee has committed a crime for which imprisonment may be imposed. Mr. Schneider does not take issue with the law as stated. Instead, he argues that the penalty of indefinite suspension is overly harsh, and that he has been punished with disparate treatment.

■ As to the issue of the reasonableness of the penalty, the Board carefully examined the facts of the case and concluded that the penalty of indefinite suspension is within the tolerable limits of reasonableness. Substantial evidence supports the Board's findings, and we therefore must reject Mr. Schneider's challenge to the extent of his penalty.

With regard to Mr. Schneider's allegation of disparate treatment, in his petition for review in this court, we note that he did not make such a challenge before the Board, even though the Chief Administrative Judge had offered him an opportunity to mount such a challenge.

As a general proposition, this court does not entertain issues raised on appellate review that were not presented to the deciding tribunal. *See Kachanis v. Dep't of Treasury*, 212 F.3d 1289, 1293 (Fed.Cir. 2000). Issues such as disparate treatment are fact-intensive, and their resolution depends upon a fact-finding tribunal's examination of the details of such a claim. Here, no such claim was presented to the Board, and we consequently have no facts to review to test the accuracy of Mr. Schneider's claim of disparate treatment. We therefore will not depart from our general rule, and thus we reject Mr. Schneider's claim.

Because the Board applied the correct law to the established facts in this case, we have no ground upon which to upset the Board's final decision, which is affirmed.